Appellant was convicted, and his punishment fixed at a fine of $100 and thirty days confinement in the county jail, under an indictment charging, substantially that appellant, "did then and there unlawfully as agent and representative of Gonzales Brokerage Company, which is a branch of the San Antonio Brokerage Company, dealers in futures, doing business in the city of Gonzales, State of Texas, under the firm name and style of Gonzales Brokerage Co., did unlawfully keep a house and did manage, conduct, carry on and transact for said San Antonio Brokerage Co., a business commonly known as a produce stock exchange and bucket shop, where future contracts in cotton were bought and sold, with no intention of an actual bona fide delivery of the said cotton, so bought and sold, and the said J.C. DeLam, as the agent of said firm, San Antonio Brokerage Co., did then and there sell future contracts in cotton to one J.M. Murphy, with the understanding that there should be no actual bona fide delivery of the cotton so contracted for and stipulated as having been bought and sold in said future contracts, etc." Appellant contends that the evidence is not sufficient to support the conviction because there was no evidence adduced to show "defendant had no intention of an actual bona fide delivery." State's witness Murphy testified: "I bought fifty *Page 5 
bales of cotton from DeLam, who was acting as agent for the Gonzales Brokerage Company. * * * I never intended to receive the actual fifty bales of cotton, but made the contract as a speculation, * * * and an actual delivery was not contemplated, but only a payment of the difference between the contract price and the value of the cotton at the time agreed upon as the date of delivery. If the price of cotton went up I would make, and if it went down I would lose. I never received the cotton. I paid $2 per bale as a margin to DeLam." Witness admitted signing a contract, which stated that actual delivery was contemplated, but did not consider that a part of the contract. Defendant, DeLam testified in his own behalf that he was the agent of the Gonzales Brokerage Company, a branch of the San Antonio Brokerage Co. "I, as agent, sold J.M. Murphy fifty bales of cotton, to be delivered sometime in the future, about the time alleged in the indictment, and he paid me $2 on the bale as margin, and I sent this money to the San Antonio Brokerage Company, at San Antonio. I made about one hundred contracts for the sale of cotton to be delivered in the future, like the contract I had made with Murphy, since I opened up an office in Gonzales, but had never delivered any cotton. I did not have the contracts printed and the clause that the actual delivery of the cotton was contemplated was put in one corner of the contract so that it could not make a part of the contract, when I made a sale. My company had the blanks printed, and I had nothing to do with the printing of them, but I would see that if the buyer wanted the cotton that he got it, and my intention was governed by the buyer's intention in making contracts." So it will be observed that defendant himself testified "that my intention was governed by the buyer's intention in making contracts." The buyer (Murphy) testified that he never intended to receive the actual cotton, simply made a wagering contract, and never did receive the cotton. Defendant testified himself that he had never delivered any cotton, but if the buyer wanted it he would deliver it. In our opinion the evidence clearly shows that the contract was made "with no intention of an actual bona fide delivery" of the cotton on the part of Murphy and DeLam. The evidence is sufficient to support the conviction. Fullerton v. State, 75 S.W. Rep., 534.
There are no bills of exception in the record. However, appellant insists in motion for new trial that the court erred in not defining "agent" as applicable to appellant, and instructing the jury as to whether or not Murphy was an accomplice or principal. This is a misdemeanor, and if appellant was not satisfied with the charge of the court as given, and desired other matters submitted, he should have filed a special charge in writing covering that issue. This he did not do, and therefore these contentions cannot be reviewed.
No error appearing in the record, the judgment is affirmed.
Affirmed.
Brooks, Judge, absent. *Page 6